UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------X
MGF HOLDINGS, INC.,                : Civil Action No. 05-1338 (ESH)

              Plaintiff,  : JOINT REPORT AND PROPOSED
                            SCHEDULING ORDERS PURSUANT
  against                          : TO LCvR 16.3(d)

YOUR GIRL FRIDAY, LLC,             :

             Defendant.  :
---------------------------------------------X

Counsel for Plaintiff MGF Holdings, Inc. (hereinafter "Plaintiff") and counsel for Defendant Your Girl Friday, LLC (hereinafter "Defendant"), having held a meeting pursuant to LCvR 16.3(c) and Fed. Rule of Civ. Proc 26(f) on August 10, 2005, respectfully submit this Joint Report of that meeting and the parties' Proposed Scheduling Orders.

STATEMENT OF THE CASE

<u>Plaintiff's Statement</u>

While Plaintiff certainly disagrees with Defendant's recitation of the relevant facts and law as described by Defendant below, Plaintiff has decided, at this time, to direct the majority of its efforts toward reaching an amicable settlement of this dispute. Therefore, Plaintiff will file separately with the Court its statement of the case, no later than 72 hours prior to Initial Scheduling Conference, as required by the Court's August 5, 2005 Order.

Defendant's Statement

Defendant, of course, also has directed a majority of its efforts to reaching a settlement in this matter, but Defendant does not wish to burden the Court with a separate statement of the case, thereby creating three separate pleadings for the Court to consider before the August 31, 2005, initial scheduling conference. Accordingly, Defendant provides the following summary of its view of the case, subject to the discovery of additional information material to its claims and defenses.

In March 2004, a long-time resident of the District of Columbia registered her company, Your Girl Friday, LLC ("YGF"), with the District of Columbia's Department of Consumer and Regulatory Affairs. YGF is a small company. Prior to registration, YGF searched the District of Columbia public records to determine whether any other entity in the District of Columbia was doing business as "GIRL FRIDAY," or was otherwise using that name. The search was conducted by the District of Columbia's Department of Consumer and Regulatory Affairs. The search revealed no entity registered in the District of Columbia that used "GIRL FRIDAY" in its name. Accordingly, YGF began providing "Girl Friday" services to residents in the District of Columbia in April 2004. YGF has continued to provide those services in the District of Columbia and Maryland since then.

On May 10, 2004, MGF Holdings Ltd. ("MGF Holdings") filed an application with the U.S. Patent and Trademark Office ("PTO"), Serial No. 78415742, seeking to register "MY GIRL FRIDAY" as a trademark pursuant to

the Lanham Act, 15 U.S.C. § 1051 et seq.  The PTO has not published that application for opposition, and it remains pending as of the date of this filing.

In connection with MGF Holdings' application, the PTO stated in part: "Applicant must insert a disclaimer of 'GIRL FRIDAY' in the application because the applicant's services are those that are regularly provided by a girl Friday. See attached dictionary definitions of 'girl Friday.'"  The PTO stated further that "[t]he following is the accepted standard format for a disclaimer:  No claim is made to the exclusive right to use 'GIRL FRIDAY' apart from the mark as shown."  MGF Holdings' counsel at that time agreed that a disclaimer was required and agreed to the PTO's proposed disclaimer.  As a result, MGF Holdings' trademark application contains the following disclaimer:  "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'GIRL FRIDAY' APART FROM THE MARK AS SHOWN."  Just a few months ago, MGF Holdings' current counsel asked the PTO to remove the disclaimer, but the PTO refused to do so.

Plaintiff MGF Holdings, Inc. ("MGF" or "Plaintiff") presented none of these material facts about the pending trademark application in its complaint against YGF. Instead, MGF has alleged that it, rather than MGF Holdings, is the "owner" of the purported mark "MY GIRL FRIDAY."  Even though it has an office only in Ohio, MGF claims to have nationwide rights to the purported mark "MY GIRL FRIDAY."  MGF claims that YGF has infringed its purported mark because YGF's name and the services that it offers in the Washington, D.C. metropolitan area are purportedly confusingly similar to the name "MY GIRL FRIDAY" and the services offered by MGF in this area.  Prior to filing this lawsuit, MGF Holdings,

not MGF, claimed to be doing business in this area using the mark "MY GIRL FRIDAY." MGF Holdings purportedly had a so-called "business relationship" that it started in early 2003 with a "travel agency based in Washington, D.C." MGF, however, has never claimed that it in fact provided any services in Washington, D.C., Maryland, or Virginia. MGF seeks relief under the Lanham Act, 15 U.S.C. § 1051 et seq. (Count 1) and under the District of Columbia's unfair trade practices act (Count 2).

YGF has counterclaimed against MGF Holdings for: declaratory relief pursuant to the federal Declaratory Judgment statute (28 U.S.C. § 2201) and the Lanham Act (Counts 1-4); an award of attorneys' fees pursuant to the Lanham Act (Count 5); and damages resulting from MGF Holdings' acts of unfair competition (Count 6).

There are three principle issues that cut across the parties' claims and defenses in this case:

(1) Does MGF own any proprietary rights in "MY GIRL FRIDAY"?

(2) Is the "MY GIRL FRIDAY" mark distinctive or has it acquired secondary meaning in the Washington, D.C. metropolitan area?

(3) Are consumers in the Washington, D.C. metropolitan area likely to confuse YGF's mark "YOUR GIRL FRIDAY" with MGF's mark "MY GIRL FRIDAY"?

MGF bears the burden of proving that it satisfies all three of these requirements, whether or not the purported mark is registered with the PTO. See, e.g., Whitehead v. CBS/Viacom, Inc., 315 F. Supp. 2d 1, 13 (D.D.C. 2004); Partido

4

Revolucionario v. "Partido Revolucionaro", 312 F. Supp. 2d 1, 11 (D.D.C. 2004); Sears, Roebuck & Co. v. Sears Financial Network, Inc., 576 F. Supp. 857, 861 (D.D.C. 1983).

YGF contends that MGF does not meet any of these requirements. YGF further contends that MGF's claims against YGF are so lacking in legal or factual support that attorneys' fees should be awarded to it under section 35 of the Lanham Act, 15 U.S.C. § 1117(a). See, e.g., Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521, 524-28 (D.C. Cir. 1985) ("Congress endeavored to afford protection to defendants against unfounded suits brought by trademark owners for harassment and the like." (internal quotations and citation omitted)).

As Your Honor has held: "The threshold question in any infringement action is whether the plaintiff has a 'valid mark entitled to protection.'" Federation Internationale De Football Ass'n v. Nike, Inc., 285 F. Supp. 2d 64, 68-69 (D.D.C. 2003) (Huvelle, J.) (quoting Gruner + Jahr USA Publishing v. Meredith Corp., 991 F.2d 1072, 1075 (2d Cir. 1993)). YGF contends that MGF has no protectable rights in the purported mark "MY GIRL FRIDAY" for several reasons—e.g.,

- "MY GIRL FRIDAY" is generic because, inter alia, "GIRL FRIDAY" is defined in the dictionary and MGF has promoted and used "MY GIRL FRIDAY" in its generic sense.

- "GIRL FRIDAY" has been subject to extensive third-party use, even in MGF's own home state of Ohio, to refer to companies that offer

- services that are identical, or substantially similar, to the services offered by MGF under the purported mark "MY GIRL FRIDAY."

- The PTO's disclaimer of "GIRL FRIDAY" renders MGF's purported mark so weak as to deprive MGF of any actionable proprietary rights in "MY GIRL FRIDAY."

- "MY GIRL FRIDAY" has not acquired secondary meaning in the Washington, D.C. metropolitan area.

- YGF had prior use within the Washington, D.C. metropolitan area.

- MGF does not have standing to claim any alleged rights in the purported mark "MY GIRL FRIDAY."

Even if MGF has a protectable interest in "MY GIRL FRIDAY," YGF contends that MGF has no evidence demonstrating that consumers within the Washington, D.C. metropolitan area are, or are likely to be, confused by YGF's use of "YOUR GIRL FRIDAY." Indeed, the purported mark "MY GIRL FRIDAY" appears to have been owned by so many entities (at least 5) over the past few years that Plaintiff cannot show that the purported mark is identifiable with any specific source. YGF also contends that MGF has suffered no actual loss as a result of YGF's alleged use of "YOUR GIRL FRIDAY." Finally, YGF contends that its use of "YOUR GIRL FRIDAY" was a good faith attempt to denote its services and therefore qualifies as a "fair use" within the meaning of the Lanham Act. MGF has never had any factual basis to contend that YGF's use of "YOUR GIRL FRIDAY" was anything other than a good faith use.

## JOINT REPORT OF MEETING

At their meeting, counsel for the parties discussed the below fourteen (14) matters listed in LCvR 16.3(c).

(1)   Likelihood of Dispositive Motions

Plaintiff's Position

Plaintiff's position is that this case is not likely to disposed of by a dispositive motion. Plaintiff maintains that there are complex issues of material fact, many of which have been raised in Defendant's counterclaims that will have to be decided by a trier of fact.

Defendant's Position

Defendant believes that this case may be disposed of on summary judgment because well-settled law in this Court and in the D.C. Circuit confirms that Plaintiff either has no protectable interest in the purported mark "MY GIRL FRIDAY"; consumers within the Washington, D.C. metropolitan area are not confused, or likely to be confused, by YGF's use of "YOUR GIRL FRIDAY"; or, YGF's use of "YOUR GIRL FRIDAY" is a fair use. Defendant believes that there will be no dispute of material fact on these (and other) dispositive issues. Defendant further contends that its mere assertion of counterclaims does not affect the resolution of this case by dispositive motion. As explained in Defendant's Statement of the Case and in Defendant's response to No. 8 below, the facts relevant to Plaintiff's claims overlap with the facts relevant to

Defendant's counterclaims. Thus, the purported "complex issues of material fact" referenced by Plaintiff are present in this case irrespective of whether Defendant has asserted counterclaims.

(2)    Adding Parties, Amending Pleadings, and Stipulations of Facts/Legal Issues

The parties agree that the joinder of additional parties should and other pleading amendments should be made not later than November 17, 2005.

The parties also agree that, at this time, there are no factual or legal issues that can be stipulated, except as to those facts that Plaintiff may admit in its reply to Defendant's counterclaims (due to be filed September 1, 2005) and to those facts to which Defendant has admitted in its Answer, filed August 5, 2005 (Dkt. #6). Counsel agree that they will continue to explore opportunities to limit or narrow the factual issues in this case.

(3)    Assignment to Magistrate Judge

Plaintiff's Position

Plaintiff's position is that this case may be assigned to a magistrate judge for all purposes.

Defendant's Position

Defendant's position is that this case may be assigned to a magistrate judge for all purposes except adjudicating dispositive motions and trial (if one is necessary).

(4)   Possibility of Settlement

The parties agree that this case has a realistic possibility of settlement. In this regard, counsel for the parties have already exchanged settlement proposals and have begun negotiations that they hope will lead to an amicable resolution of this dispute. The parties have agreed to continue their settlement efforts.

(5)   Use of ADR

The parties agree that this case may benefit from the Court's ADR procedures. The parties further agree that the most appropriate time to participate in ADR would be after the completion of the parties' informal settlement efforts and after the parties take sufficient discovery. The parties also agree that ADR should take place prior to the Court's disposition of dispositive motions.

(6)   Resolution by Summary Judgment

Please see the parties' position with respect to dispositive motions reflected in No. (1) above.

The parties agree that any summary judgment motion should be brought no later than one month after the completion of all discovery.

(7)   Initial Disclosures

The parties have agreed to stipulate to dispense with initial disclosures based on the Plaintiff's agreement to voluntarily disclose to Defendant the name, address, and telephone number of the persons and/or entities that Plaintiff claims reflect its "expan[sion]" into the Washington, D.C. metropolitan area, as alleged in

Paragraph 9 of Plaintiff's complaint, and the Defendant's agreement to confirm the identity of all owner(s) of the Defendant, and the current location of Defendant's office(s) . If the parties choose not to make these required disclosures by August 29, 2005, then: (1) the parties shall exchange initial disclosures, as required by the Court's Local Rules and the Federal Rules of Civil Procedure on September 1, 2005; and (2) Plaintiff's initial disclosures shall include the name, address, and telephone number of the persons and/or entities that Plaintiff claims reflect its "expan[sion]" into the Washington, D.C. metropolitan area, as alleged in Paragraph 9 of Plaintiff's complaint, and Defendant's initial disclosures shall include the identification of all owner(s) of the Defendant and the current location of Defendant's office(s).

(8)     Length and Limits of Discovery

The parties agree that additional limits on discovery, other than those limits already imposed by the Local and Federal Rules, are not necessary.

Plaintiff's Position on Length of Discovery

Plaintiff's position is that, the parties should be able to complete all discovery, including any possible expert discovery, within one year. Plaintiff believes that Defendant's position that fact discovery can be completed within six months is unrealistic, and Plaintiff would prefer to avoid setting a schedule that will likely result in the parties seeking additional time from the Court. Defendant's charge that Plaintiff seeks only to delay these proceedings is without basis, since Plaintiff likewise seeks a prompt resolution of this dispute, whether by settlement or adjudication.

### Defendant's Position on Length of Discovery

Defendant's position is that fact discovery should be completed within six months so that the parties' respective rights and obligations are adjudicated as quickly as possible. Plaintiff seeks only to delay these proceedings by contending that one year is required to complete fact discovery. Discovery in this case should be straightforward. All of the factual issues presented—whether in Plaintiff's affirmative claims or defenses or in Defendant's counterclaims and defenses—revolve around the three requirements that Plaintiff must prove in this matter. See Defendant's Statement of the Case, supra. Presumably, Plaintiff had a basis for the allegations in its Complaint that purport to satisfy those requirements (although Defendant contends that Plaintiff did not have then, and does not have now, competent evidence to support several allegations in its Complaint). In addition, as alleged in Defendant's counterclaims, Plaintiff already has made several binding admissions that should streamline and perhaps shorten the fact gathering process. Thus, six months is more than enough time to complete fact discovery in this case.

Defendant has been conducting an investigation into Plaintiff's claims since mid-April 2005. Defendant's efforts have expanded since the Complaint was filed in early July 2005. Defendant already has initiated third-party discovery, and Defendant is prepared at this time to initiate party discovery if settlement efforts are unsuccessful. Because Plaintiff has brought this lawsuit and has leveled serious charges against Defendant, Defendant is entitled to an

expeditious resolution of this matter. Plaintiff's "go slow" approach serves only to increase the parties' costs and to unreasonably delay resolution of this matter.

Finally, Defendant's position is that, if this litigation expands to include additional parties and requires additional discovery not currently contemplated by the parties, then the parties can confer at the appropriate time, attempt to agree upon a modification to the discovery period, and ultimately present a proposal to the Court for its consideration.

(9)     Expert Discovery

The parties agree that the expert witness discovery obligations in Rule 26(a)(2) should be modified. Because the parties have not yet decided whether to submit expert testimony, they agree that the requirements of Rule 26(a)(2) should be at least postponed until one or more of the parties decides to present expert testimony on the claims and/or defenses in this case. The parties' position is that if the parties decide to use expert testimony, expert reports should be submitted no later than one month after the close of non-expert fact discovery.

(10)    N/A

(11)    Bifurcation

The parties agree that bifurcation is not necessary in this case.

(12)    Pre-trial Conference Date

The parties agree that a pretrial conference should take place after all discovery is completed and a decision is rendered on any dispositive motion.

(13)  <u>Trial Date</u>

The parties agree that the Court should set a firm trial date at the first scheduling conference.

(14)  <u>Additional Matters</u>

The parties agree that, at this time, there are no additional matters that would be appropriate to include in a scheduling order.

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

A.  <u>Amend Pleadings/Add Parties</u>

The parties shall amend pleadings and/or add parties no later than November 17, 2005.

B.  <u>Completion of Fact Discovery</u>

Fact discovery shall be completed by **May 17, 2006**. [Defendant's position is that fact discovery shall be completed by February 28, 2006 ]

C.  <u>Expert Discovery</u>

Should any party decide to submit expert testimony, that party's initial expert report on subjects on which they bear the burden of proof shall be served by June 19, 2006.

Expert rebuttal reports, if any, shall be served by July 17, 2006.

D.  <u>Completion of Expert Discovery</u>

All expert discovery shall be completed by August 17, 2006. [Defendant's position is that all expert discovery, if any, shall be completed by June 1, 2006.]

E.  <u>Dispositive Motions</u>

All dispositive motions shall be served no later **September 17, 2006**.

F.  <u>Pre-Trial Conference Date</u>

To be set by the Court.

G.  <u>Trial Date</u>

To be set by the Court.

## DEFENDANT'S PROPOSED SCHEDULING ORDER

A.   <u>Amend Pleadings/Add Parties</u>

The parties shall amend pleadings and/or add parties no later than November 17, 2005.

B.   <u>Completion of Factual Discovery</u>

Fact discovery shall be completed by **February 28, 2006**.

C.   <u>Expert Discovery</u>

Should any party decide to submit expert testimony, that party's initial expert report shall be served by **March 30, 2006**. Expert rebuttal reports, if any, shall be served by **May 1, 2006**.

D.   <u>Completion of Expert Discovery</u>

All expert discovery, if any, shall be completed by **June 1, 2006**. [Plaintiff's position is that expert discovery shall be completed by August 17, 2006.]

E.   <u>Dispositive Motions</u>

If there is no expert discovery, then all dispositive motions shall be served no later than **March 30, 2006**. If there is expert discovery, then all dispositive motions shall be served no later than **July 3, 2006**.

F.   <u>Pre-Trial Conference Date</u>

To be set by the Court.

G.   <u>Trial Date</u>

To be set by the Court.

Respectfully submitted,

FOR PLAINTIFF MGF HOLDINGS, INC.

GOTTLIEB, RACKMAN & REISMAN
270 Madison Avenue
New York, N.Y. 10016

Dated: August 24, 2005

/s/
Richard S. Schurin
Admitted Pro Hac

HOWREY LLP
Local counsel for Plaintif
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2402

/s/
Susan M. Kayser D.C. Bar No. #444423

FOR DEFENDANT YOUR GIRL FRIDAY LLC

PATTON BOGGS LLP
2550 M Street, N.W.
Washington D.C. 20037

Dated: August 24, 2005

/s/
Ugo Colella (D.C. Bar No. 473348)